GEORGE COCHRAN AND OTHERS, APPELLANTS, *v.* OLIVER R. INGERSOLL, IMPLEADED, ETC., AND OTHERS, RESPONDENTS.

*Attachment for contempt — when it should not be allowed.*

Where, on an application made in a civil proceeding for an attachment to punish a party for a failure to comply with an order of the court directing the payment by him of a sum of money, it appears that his failure to comply with it arises from his not having the money wherewith to do so, and it does not appear that he has disabled himself from paying, with intent to avoid complying with the order, the attachment should not issue.

APPEAL from an order made at the Special Term denying an application, to issue an attachment against the defendant for a contempt.

It appeared by the papers upon which the motion at Special Term was made, that a judgment was entered providing that certain parties to a certain subscription paper who had not paid their subscriptions (plaintiffs and defendants being parties to said subscription paper) should pay in the amounts of their said subscriptions to a receiver to be appointed to receive the same, and that upon such sums being paid in, the aggregate sums should be distributed, *pro rata*, among all the subscribers thereto, after allowing for the payment out of said aggregate subscription for certain lands, for the purchase of which said subscription was made.

The receiver was appointed, the amount to be paid to him under the decree was computed and ascertained. A demand was made on respondent Ingersoll, who was one of the parties to the subscription, but such payment was not made.

Plaintiffs obtained an order to show cause why an attachment should not issue against Ingersoll for contempt, and on the return of said order Ingersoll showed by affidavit that he was wholly insolvent, and had been so for years, and that he was wholly unable to comply with such judgment.

The court at Special Term denied the motion for an attachment and plaintiffs appeal.

*P. V. R. Stanton*, for the appellants.

*Britton & Ely*, for the respondent Ingersoll. There can be no such thing as a contempt for not paying a debt which a man has no money or property wherewith to pay. (3 R. S., part 3, chap. 8, title 13, § 20 ; *Lansing* v. *Lansing*, 41 How., 248–252 ; *Wartman* v. *Wartman*, Taney, 362 ; *O'Callaghan* v. *O'Callaghan*, 69 Ill., 552 ; *Lane* v. *Losee*, 11 How., 361 ; *Meyers* v. *Trimble*, 1 Abb. Pr., 220–223 ; *Quintard* v. *Secor*, id., 393–398 ; *Meyers* v. *Trimble*, id., 399.)

DYKMAN, J. :

This is a proceeding for the enforcement of a civil remedy. The respondent has been ordered by the court to pay a sum of money

to the receiver and has failed to comply with the order, and now an attachment is applied for to punish him for a contempt of court in not obeying its order. The reason assigned by the respondent for not paying the money in compliance with the order is, that he has not got it and cannot pay it. The fact of his inability to pay stands uncontradicted on the record before us, and there is no claim that he has disabled himself to pay, for the purpose of avoiding compliance with the order of the court. On the contrary, it appears that he has been insolvent for the last nine years, and has received a discharge under the insolvent laws of the State from all his debts, including the claim in question.

The court is not called upon to vindicate either its dignity or its process, but simply to assist a suitor in the collection of a claim, and there is a solid and obvious distinction between contempt, strictly such, and those offenses which go by that name, but which are punished as contempt only for the purpose of enforcing some civil remedy. (Revisers' notes.)

Our statute provides that the court ordering imprisonment for contempt may in its discretion, in cases of inability to perform the requirements, relieve the person imprisoned in such manner and upon such terms as shall be deemed just and proper. (3 R. S. [6th ed.], 841, § 20.) Ample power is thus given to inquire into the circumstances after imprisonment, and there is no good reason why it should not be made before the commitment. (*Doran* v. *Dempsey,* 1 Bradford, 490.)

If the attachment should issue and the respondent be committed under it, he would then, on application to the court, be released from confinement by showing the same state of facts which appears in answer to this application. Why, then, should the mere formal proceeding be gone through with? We think that the inability of the respondent to comply with the order is a sufficient reason, under all the circumstances of this case, why the attachment should not issue, and that the order appealed from should be affirmed with costs and disbursements.

Present — BARNARD, P. J., and DYKMAN, J.; GILBERT, J., not sitting.

Order denying attachment affirmed, with costs.